of the organization. His duties were merely to obtain new members and to collect dues during the first five months of their membership. His sole compensation was a commission derived from the business he procured.

ALBERT H. FRY, for plaintiff in error.

MAX L. KASMAR, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

PRINCIPAL AND AGENT, § 41*—*legality of agent's contract to collect insurance policy.* The evidence is *held* not to justify a holding, as a proposition of law, that defendant could not enter into a legal contract with plaintiff to collect an insurance policy in a fraternal organization, since it does not appear that the defendant, as local manager, sustained any relation of a fiduciary character with the organization.

---

## Margaret Moore, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 20,187.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 22, 1914.

### Statement of the Case.

Action by Margaret Moore against the Chicago City Railway Company for personal injuries sustained in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXX 8

alighting from a street car. From a judgment in favor of defendant, plaintiff brings error.

Plaintiff and three other passengers testified to the occurrence. Defendant had no witnesses to the *res gestae.* It was contended that there was such inherent improbability and conflict in the testimony given in behalf of the plaintiff that the jury were justified in rejecting her theory of the accident and may well have believed that she attempted to alight from the car before it stopped.

N. J. SHUPE, for plaintiff in error.

WARREN D. BARTHOLOMEW and FRANK L. KRIETE, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

STREET RAILROADS, § 131*—*when verdict is against weight of evidence.* Where a passenger testified that she was assisted off a street car by the conductor and that the car started while she had only one foot on the ground and still had hold of the car handle, and she fell on her side receiving certain bruises, and two passengers who got off the front end of the car testified that she had fallen on the street and the car suddenly stopped shortly thereafter leaving her on the ground four or five feet back of the car, and the plaintiff's testimony was corroborated in other particulars, the verdict for the defendant is *held* to be against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.